## Thomas Speakman *against* George Pearce.

On a recognizance before a justice of the peace in nature of special bail, the principal cannot be surrendered by the bail after the expiration of six months.

CERTIORARI to Samuel Price of Delaware county, esq. one of the justices of the peace.

A very regular and formal return was made to the *certiorari*, by which it appeared, that after due process issued, judgment had been given by the justice for the plaintiff against one Irwin Armstrong for 6l. 15s. 7d. a just debt, on the 23d September 1792: that execution had been respited for six months, on the *said Armstrong entering into recognizance to [*348 the plaintiff, with the said Pearce as his security, in the nature of special bail, on condition to deliver the body of the said Armstrong to the sheriff of the county, at, or any time before the expiration of the said six months, or that the money should be paid.

That after the expiration of the six months, a summons had issued to Pearce, to shew cause, why he should not pay the debt adjudged, and that Pearce appearing upon the return thereof, and not shewing sufficient cause, judgment had been ordered against him.

It was admitted by the counsel that the principal had been surrendered to the sheriff, after the issuing of the summons to shew cause, and before the return thereof.

Mr. Thomas for the plaintiff remarked, that the act of assembly of 5th April 1785, enlarging the summary jurisdiction of justices of the peace, referred to the act of Assembly of 7th March 1745. (2 Dall. Laws, 305. § 3.) Under the latter act (pa. 205,) the tenor of the recognizance was pointed out, which minutely agreed with that taken in this cause, and returned by the justice. The condition is, to surrender the body of the principal within the six months, or pay the debt. The security had failed in the first and must submit to the latter. It could not properly be called special bail, because the recognizance must be taken after judgment rendered. In common cases, a *ca. sa.* issues to give notice to the bail; but under the act of 1745 the time of surrender is expressly fixed. It is admitted however, that if the principal should die within the six months, the bail would not be liable, because he has that whole time to surrender him.

Mr. Tilghman for the plaintiff, argued, that the procedure partook of the nature of special bail, and that therefore the surrender before the return of the summons to shew cause, should excuse the bail, *ex gratiâ*. In the usual course of practice, if the principal dies after the return of the *ca. sa.*, though before the suing out the *scire facias*, the bail are fixed

[Speakman *v.* Pearce.]

with the debt and costs.    2 Wils. 67.    2 Lord Raym. 1452.
But it is admitted, that under the 10l. act, the bail are not
fixed until the expiration of the six months; consequently a
greater latitude is given to the bail than in common cases.
But here the justice does not allow him an equal privilege,
as to the time of render.

By the court.    The bail in this case is fixed by the law
*349] under * the express terms of his recognizance.    He was
either to surrender the original debtor in six months,
or pay the money adjudged.    Though the recognizance is
said to be in the nature of special bail, it is not to be such in
all things.    We apprehend this to have been the constant
usage under the act of 1745.    Let the judgment of the justice
be affirmed.